```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
OPTIMUM SHIPPING & TRADING, S.A.,      :
                                       :
               Plaintiff,              :    08 Civ. 9533 (JSR)
                                       :
          -v-                          :
                                       :    OPINION AND ORDER
PRESTIGE MARINE SERVICES PTE. LTD.,    :
                                       :
               Defendant.              :
---------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

In seeking redress for an alleged breach of contract that will be litigated in another forum, plaintiff Optimum Shipping & Trading, S.A. ("Optimum") brought the instant Rule B action for the sole purpose of attaching property of defendant Prestige Marine Services Pte. Limited ("Prestige Marine"). Prestige Marine now moves to vacate the attachment and dismiss the case, arguing that maritime jurisdiction does not properly lie in this case. After considering the parties' written submissions and hearing oral argument on February 11, 2009, the Court hereby grants the motion to vacate and dismisses the action.

The parties agree that the central issue is whether a contract for sale of a vessel gives rise to maritime jurisdiction. The parties also agree that Second Circuit precedent, never overruled, holds that a contract for the sale of a vessel is not within the Court's maritime jurisdiction. See The Ada, 250 Fed. 194, 196 (2d Cir. 1918); see also Vrita Marine Co. LTD. v. Seagulf Trading LLC, et al., 572 F. Supp. 2d 411 (S.D.N.Y. 2008); Intl. Shipping Co., S.A. v. Hydra Offshore, Inc., 675 F. Supp. 146, 150 (S.D.N.Y. 1987),

aff'd 875 F.2d 388 (2d Cir. 1989); Economou v. Bates, 222 F. Supp. 988, 991 (S.D.N.Y. 1963).

Nevertheless, holding that a contract for sale of a vessel is not maritime in nature, and therefore not subject to the Court's maritime jurisdiction, is a seemingly curious result and, plaintiff argues, is contrary to the thrust of more recent decisions from the Supreme Court and the Second Circuit, which seem to tack in the opposite direction.  See Norfolk Southern Railway Co. v. James N. Kirby, Pty Ltd., dba Kirby Engineering, and Allianz Australia Ins. Ltd., 543 U.S. 14, 24 (2004); Exxon Corp. v. Central Gulf Lines Inc., 500 U.S. 603, 611 (1991); Folksamerica Reinsurance Co. v. Clean Water of New York, Inc., 413 F.3d 307 (2d Cir. 2005); Kalafrana Shipping Ltd. v. Sea Gull Shipping Co. Ltd., No. 08 Civ. 5299, 2008 U.S. Dist. LEXIS 78247 (S.D.N.Y. Oc. 4, 2008).  Even these cases, however, do not indicate that the mere fact of the involvement of a vessel in a contract is sufficient per se to confer maritime jurisdiction but only that a broader inquiry should be made as to the "nature and character" of the contract, Kirby, 543 U.S. at 23, than prior law provided.  If the Court were to undertake a Kirby-like inquiry in this case, it is far from clear where it would come out.  For example, the vessel that was the subject of the instant contract was to be used merely as a floating warehouse, and it may well be that a vessel that acts solely as a stationary storage facility and neither transports goods nor people lacks the "genuinely salty flavor" that would otherwise favor the recognition of maritime jurisdiction.  See

2

Kirby, 543 U.S. at 22 (citing Kossick v. United Fruit Co., 365 U.S. 731, 735 (1961)).

However, the Court does not reach this issue because it finds itself bound by The Ada and other such prior precedent. Maritime law is ancient and there is an "unbroken tradition and connection between contemporary maritime law and the customs of earliest antiquity." Schoenbaum, Admiralty and Maritime Law § 1-2, at 2. Reflecting its rich and varied evolution of accreted practice and custom, maritime law has many doctrines that are unique and explained only in the light of history; but the maritime business relies on them to set prices and define terms, so that tampering with such settled law should not be undertaken lightly. In such circumstances, it hardly befits this Court to make the determination that The Ada is no longer good law. Such a determination must come, if at all, from a higher court.

Accordingly, defendant's motion to vacate the attachment is granted and the case hereby dismissed.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       February 26, 2008